UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT J CHRISTIANCY, | CASE NO. 3:21-cv-05370-DGE |
| Plaintiff, | ORDER DISMISSING THE CASE |
| v. | |
| CANDACE LEE GRAY, | |
| Defendant. | |

This matter comes before the Court on its own motion. On May 7, 2021, Plaintiff moved to appear *in forma pauperis* and on July 21, 2021 Plaintiff's motion was granted and the Complaint was filed. (Dkt. No. 7.) On March 16, 2022 the Court issued an Order to Show Cause giving Plaintiff until April 8, 2022 to explain why the Defendant had not yet been served in this action. (Dkt. No. 12.) Plaintiff responded to the Order to Show Cause on April 4, 2022 explaining that he had not served the Defendant because she had moved, did not know her exact new address, and he sought assistance from the Court. (Dkt. No. 13 at 1-2.) On May 16, 2022, the Court issued a Minute Order explaining that before the Court could direct service on

ORDER DISMISSING THE CASE - 1

Defendant, Plaintiff would need to provide the Court with her complete address.  (Dkt. No. 14.)  The Court gave Plaintiff until June 16, 2022 to respond to the Minute Order or the case would be subject to dismissal.  (*Id.*)  As of the date of this Order, Plaintiff has not responded to the Court's May 16, 2022 Minute Order.

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made upon a defendant within 90 days after the filing of the complaint.  Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service.  Fed. R. Civ. P. 4(m).  In cases involving a plaintiff proceeding *in forma pauperis,* a U.S. Marshall, upon order of the court, shall serve the summons and complaint.  Fed. R. Civ. P. 4(c)(3).  A "pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the [person] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'"  *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)).  But where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the un-served defendant is appropriate.  *Walker*, 14 F.3d at 1422.

It is well past the original 90 days Plaintiff was given to serve his Complaint when it was filed on July 21, 2021.  Plaintiff has also failed to respond to the Court's May 16, 2022 Order requesting the exact address of Defendant.  Without a response to the May 16, 2022 Order,

Plaintiff has failed to put forth good cause to extend the service deadline.  Thus, the Court DISMISSES this action without prejudice.

    1. Plaintiff's claims are DISMISSED without prejudice.

    2. This matter is CLOSED.

Dated this 27th day of June 2022.

David G. Estudillo
United States District Judge

ORDER DISMISSING THE CASE - 3